Charles E. VERNAU, Sr. and Carl C. Huber, on Behalf of themselves as Trustees and the other Trustees of the UFCW, Local 23 and Employers Health, Legal and Pension Funds, Plaintiffs,

v.

BOWEN ENTERPRISES, INC., d/b/a Indiana Shop N Save, Defendant.

Civ. A. No. 84–2698.

United States District Court, W.D. Pennsylvania.

Dec. 31, 1986.

Stephen J. Harris, Joseph A. Vater, Jr., Pittsburgh, Pa., for plaintiffs.

Timothy P. O'Reilly, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Only one issue remains in this trustees' ERISA action to recover delinquent employee benefit fund contributions. Plaintiffs contend that 8 individuals are employees properly included in the bargaining unit, and therefore contributions to the funds are due for those employees. Defendant argues that these individuals are supervisory personnel and are specifically excluded from the bargaining unit by the terms of the collective bargaining agreement.

Defendant now seeks dismissal of this claim on the ground that primary jurisdiction in representation cases lies with the NLRB. For the reasons stated below we will deny defendant's motion and retain jurisdiction to proceed with a non-jury trial of the remaining claim.

■ We accept defendant's general premise that the NLRB has primary jurisdiction over disputes concerning representation and the extent of the bargaining unit. *Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). This does not mean that a federal court must abdicate each time a representation issue is raised.

■ The first flaw in defendant's argument is also the simplest. Because the plaintiff-trustees are neither employees nor parties to the collective bargaining agreement, they have no standing to raise this issue with the NLRB. *Laborers Health & Welfare Trust Fund v. Kaufman & Broad*, 707 F.2d 412, 415 (9th Cir.1983). Unless the trustees were to prevail on a party with standing, such as the union, to raise the issue with the Board, dismissal would deprive plaintiffs of a forum and means of redress. Facing the same situation in *Kaufman*, the Ninth Circuit stated:

> The Trust Funds assert that because they cannot proceed before the Board, the district court suit is necessary for the proper fulfillment of their fiduciary duties under the Trust Agreements and under ... ERISA, and that they are entitled to proceed to trial on the merits of the case. We agree. There is authority for holding that the primary jurisdiction rationale is inapplicable where the injured party bringing the suit has no acceptable means to invoke the Board's jurisdiction and cannot induce its adversary to do so. (Citations omitted.)

707 F.2d at 415.

■ The *Kaufman* court also considered the impact of ERISA on the primary jurisdiction rule. Citing the legislative purpose of providing "ready access to the Federal courts," 29 U.S.C. § 1001, the court concluded that the jurisdictional grant in ERISA should not be "displaced" by a doctrine of primary jurisdiction where the trustees have no standing before the Board. 707 F.2d at 416. We adopt this rationale here.

We are also cognizant of the principle that "Federal courts may decide labor law

questions that emerge as collateral issues in suits brought under independent federal remedies." *Connell Construction Co. v. Plumbers Local Union No. 100*, 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975). In *Connell*, the labor issue, which would normally have been within the primary jurisdiction of the NLRB, arose in an antitrust action. Plaintiff was permitted to proceed in his federal court action.

Following *Connell*, two other decisions have applied this principle to suits under ERISA, and permitted plaintiffs to proceed in federal court. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982); *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 518 (5th Cir.1982). We cannot say it more succinctly than the court in *Pratt-Farnsworth:*

> Moreover, the analysis suggested by *Connell* is even stronger when claims are brought under ERISA. There can be no doubt that ERISA provides a remedial scheme independent of the NLRA. To the extent that collateral labor law issues arise in the course of an ERISA claim, the federal courts should be empowered to decide them. This is especially so since it is not necessarily the case that the plaintiffs in an ERISA action will always be proper parties to a unit clarification petition before the Board.

We would only add that the full panoply of ERISA remedies (liquidated damages, interest, attorneys fees and costs) can only be obtained in the federal court action and not before the Board.

Defendant's motion raising primary jurisdiction will therefore be denied and non-jury trial will be scheduled to resolve the disputed status of the pertinent individuals. We note that defendant has submitted a copy of an arbitration award concerning 2 of the 8 individuals for whom plaintiffs seek contributions. The arbitrator concluded that one employee was a supervisor, but that the other was not. This well-reasoned decision will provide guidance to the parties and the court in trial on the remaining 6 individuals.

An appropriate order will be entered.

ORDER

AND NOW, in accord with the accompanying Opinion, IT IS HEREBY ORDERED that defendant's Motion Raising Primary Jurisdiction is DENIED.

A pre-trial conference has already been held and the remaining issues are ready for trial. Non-jury trial will begin at 9:00 a.m., Wednesday February 11, 1987.

We have also received plaintiffs' Petition for Attorney's Fees and Costs. Under Local Rule of Court 33, such a motion is to be filed within 10 days *after* the entry of final judgment. The reason for the rule is illustrated here. Issues remaining for trial which may generate further requests for fees. Rather than address this piecemeal, we will hold the motion until resolution of the remaining substantive issues.